UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE BERNARD L. MADOFF
INVESTMENT SECURITIES, LLC

---

UNITED CONGREGATIONS
MESORA ET AL.,

                    Appellants,

          v.

IRVING H. PICARD,

                    Appellees.

13 Civ. 1300

13 Civ. 2447

**OPINION**

This case is a consolidated appeal from orders of the United States Bankruptcy Court of the Southern District of New York denying intervention in certain proceedings.

The denial of intervention is affirmed.

**Background**

Before discussing the appealed orders, it is necessary to provide some background.  In the aftermath of Bernard Madoff's Ponzi scheme, Irving H. Picard was appointed as Trustee for the liquidation of BLMIS in the Bankruptcy Court under the Securities Investor Protection Act ("SIPA").  See 15 U.S.C. § 78eee(b)(3).  Among other things, the Trustee is establishing a fund of

-1-

customer property, which will be distributed to each customer who had funds invested with BLMIS based on the "net equity" owed to him.  See In re Bernard L. Madoff Inv. Sec. LLC, 654 F.3d 229, 233 (2d Cir. 2011).  The Trustee has calculated net equity by subtracting customer withdrawals from customer deposits.  The Bankruptcy Court and the Second Circuit upheld this calculation method.  See id. at 242.  Now the Bankruptcy Court is going to determine whether the "net equity" calculations must account for inflation and interest; that is, whether customers will receive an increase in their "net equity" based on the time that passed while their money was invested with BLMIS. See id. at 235 n.6.

The Bankruptcy Court scheduled a hearing on this matter for September 10, 2013.

Appellants are not customers with claims on the customer fund and therefore were not parties before the Bankruptcy Court for this matter.  Rather, they are defendants in separate proceedings where the Trustee seeks to avoid (or undo) BLMIS's payments to them and return money to the customer fund. See 15 U.S.C. § 78fff-2(c)(3); see also 11 U.S.C. § 548.  The Trustee claims that these defendants took more money out of BLMIS than they deposited into it. To defend against the Trustee's claims in those avoidance actions, appellants assert that the transfers from BLMIS were "for value and in good faith," 11 U.S.C. § 548(c), as "satisfaction . . . of a present or antecedent debt," § 548(d)(2)(A).  See Picard v. Flinn Investments, LLC, 463 B.R. 280, 284–85

(S.D.N.Y. 2011).  District Judge Rakoff withdrew the reference to the Bankruptcy Court on these matters and will deal with them in district court proceedings.  See id.

Even though appellants were not parties to the proceeding below—the resolution of claims on the customer fund under SIPA—they sought to intervene, arguing that they will be prejudiced as defendants in the avoidance actions.  The Trustee opposed the request to intervene in a letter dated December 12, 2012.  The Trustee argued that appellants lacked standing to participate in the proceeding because they did not have claims to the customer fund.  Moreover, the Trustee asserted that the pending motion before the court was a narrow question that would only decide whether inflation and interest must be considered when calculating net equity for the purpose of customer claims on the SIPA fund.

On January 3, 2013, the Bankruptcy Court denied intervention through a memo endorsement on the Trustee's December 12 letter.  The Bankruptcy Court stated:

> Having considered the letter submissions . . . , and as this Court has previously determined that customers who failed to file claims lack standing to participate in the Trustee's time-based damages motion . . . , the Non-Claimants' request to intervene is hereby DENIED.

In the January 3 order, the Bankruptcy Court denied intervention to appellants in case number 13 Civ. 1300.  Following that denial, appellants in case number 13 Civ. 2447 agreed to a stipulated order, providing that if they

had sought intervention, it would have been denied for the same reasons as the Bankruptcy Court's January 3 order.

The present appeals are from the denial of the intervention.  Appellants have filed consolidated briefs, and these appeals are consolidated for disposition.

## Discussion

This court has appellate jurisdiction over rulings of the Bankruptcy Court under 28 U.S.C. § 158(a) and may "affirm, modify, or reverse" the Bankruptcy Court's order.  Fed. R. Bankr. P. 8013; see also In re Lehman Bros. Holdings Inc., 697 F.3d 74, 76 (2d Cir. 2012).  This court reviews the Bankruptcy Court's denial of a motion to intervene for abuse of discretion.  In re Iridium Operating, LLC, 329 B.R. 403, 405 (S.D.N.Y. 2005), aff'd 165 F. App'x 878 (2d Cir. 2005).  A Bankruptcy Court abuses its discretion if (1) its ruling is based on an erroneous view of the law or clearly erroneous factual findings or (2) the ruling "cannot be located within the range of permissible decisions."  Bridgeport Guardians, Inc. v. Delmonte, 602 F.3d 469, 473 (2d Cir. 2010).

Federal Rule of Bankruptcy Procedure 7024 adopts Federal Rule of Civil Procedure 24, which governs intervention as of right and permissive intervention.  Under Rule 24(a)(2), the court must permit intervention if the applicant (1) files a timely motion; (2) shows an interest in the litigation; (3) shows that his interest may be impaired by the disposition of the action; and

(4) shows that his interest is not adequately protected by the parties to the action.  In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000).  "Failure to meet any one of these requirements suffices for a denial of the motion."  Id. at 197–98.  Rule 24(b) allows permissive intervention if the application to intervene is timely, the applicant's claim or defense shares a common question of law or fact with the main action, and the intervention will not unduly delay or prejudice the adjudication of the rights' of the existing parties.  Id. at 202.

Here, the Bankruptcy Court did not abuse its discretion by denying intervention.  The Bankruptcy Judge explained his actions not only in his memorandum of January 3, 2013, but on an earlier occasion at a hearing held on September 5, 2012.  For the reasons stated by the Bankruptcy Judge, this court rules that there was no abuse of discretion by the Bankruptcy Judge and that his decision is affirmed.

Finally, appellants are mistaken when they assert that they have a constitutional right to be heard in the proceeding below.  There are no issues before the Bankruptcy Court that directly affect appellants, so they have no concrete and particularized injury that is actual or imminent.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Nor are there due-process violations if appellants are not allowed to intervene.  Any issues affecting their avoidance actions will be resolved separately by either the district court or the Bankruptcy Court in due course.

## Conclusion

The denial of the motion to intervene is affirmed.  This opinion resolves the appeals listed as case numbers 13 Civ. 1300 and 13 Civ. 2447.


So ordered.

Dated:  New York, New York
       September 6, 2013

                                  Thomas P. Griesa
                                  United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/13

-6-